**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 16, 2009[*]
Decided September 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1948

| | |
|---|---|
| ANGELA WESTLAKE, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-3284 |
| CITY OF SPRINGFIELD, ILLINOIS, <br> *Defendant-Appellee.* | Jeanne E. Scott , <br> *Judge*. |

## O R D E R

Angela Westlake, a former police officer with the Springfield Police Department, appeals from the district court's grant of summary judgment on her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* She challenges the court's finding that no evidence supported a causal connection between a complaint she made regarding a sexually hostile work environment and her discharge. We affirm.

According to Westlake, she was fired in retaliation for complaining to a superior officer that Sergeant Terry Mazrim asked her out on a date and then harassed her when she

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

refused. She says she complained to Lieutenant Lea Joy and asked for help, though she did not recall when. Lieutenant Joy, however, disagreed with Westlake's account; she maintained that Westlake never made any allegations to her of a sexually hostile work environment.

Throughout Westlake's three-and-a-half year tenure, the police department received complaints from the public about Westlake's lack of professionalism and rude conduct. Several internal affairs investigations lead to her being disciplined, and subsequent rule violations resulted in her eventual discharge.

The court granted summary judgment for the department, finding that Westlake had not put forth evidence sufficient to support her claim of retaliation under either the direct or indirect method of proof. Regarding the direct method (the only claim Westlake presses on appeal), the court found that Westlake did not establish a prima facie case. Although she presented sufficient evidence that she engaged in a statutorily protected activity (by making a complaint) and suffered an adverse employment action (by being discharged), she did not present evidence sufficient to show any causal connection between the two. The court explained that Westlake offered no evidence of when she complained to Lieutenant Joy, and consequently could not rely upon the timing of her complaint to show a causal connection with her discharge.

On appeal Westlake glosses over her inability to establish the timing of her complaint about Sergeant Mazrim, and instead seeks to infer discriminatory intent from the overlapping time between Sergeant Mazrim's improper conduct (which she dates from September 2002 to late 2003) and her first disciplinary action (which she dates to May 2003). It is true that suspicious timing may permit a plaintiff to survive summary judgment if there is other evidence supporting an inference of a causal connection between a statutorily protected activity and an adverse employment action. *Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 772 (7th Cir. 2008). But the timing of Sergeant Mazrim's improper conduct does not help Westlake establish when she engaged in a statutorily protected activity. *See* 42 U.S.C. § 2000e-3(a); *Durkin v. City of Chicago*, 341 F.3d 606, 614 (7th Cir. 2003). Because Westlake presented no evidence about the timing of the complaint, no causal connection can be inferred.

AFFIRMED.